UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cause No. 1:22-CR-62-HAB |
| ) | |
| CARWIN HOLLEY-CHAMBERS ) | |

**OPINION AND ORDER**

Following his arrest and indictment on a single charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Defendant was ordered detained by Magistrate Judge Susan Collins. (ECF No. 22). After an order granting Defendant's motion to suppress, he moved for release from custody. (ECF No. 42). The Government does not object to release. (*Id.* at 2). The United States Probation Office has issued an Addendum to the Pretrial Services Report (ECF No. 64) setting forth proposed conditions for pretrial release. Having considered the information provided by Defendant in his renewed motion, the proposed conditions for pretrial release, and the ruling on Defendant's motions to suppress, the Court concludes that pretrial detention is no longer appropriate. As a result, his motion for release will be granted.

Title 18 U.S.C. § 3145(b) permits a defendant to move for review or revocation of a detention order when the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court [.]" Section 3145(b) does not require that new evidence or information be available before a detention order can be reconsidered and revoked, *id*., and "[t]he standard of review for the district court's review of a magistrate judge's detention . . . order . . . is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de

novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Stephens*, 2007 WL 2164248, at *3 (N.D. Ind. July 25, 2007); *United States v. Boxley*, 2007 WL 79176, at * 1 (N.D. Ind. Jan. 8, 2007); *United States v. McManus*, 2006 WL 3833314, at *1 (N.D. Ind. Dec. 5, 2006).

The Bail Reform Act ("BRA") limits the circumstances under which a district court may order pretrial detention. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). "When a motion for pretrial detention is made, the court engages in a two-step analysis: first, the judicial officer determines whether one of ten conditions exists for considering a defendant for pretrial detention; second, after a hearing, the judicial officer determines whether the standard for pretrial detention is met." *United States v. Thomas*, 2011 WL 5386773, at *3 (S.D. Ind. Nov. 7, 2011) (citing *Friedman*, 837 F.2d at 49). One of the ten threshold conditions for considering pretrial detention is met here. Defendant is alleged to have committed a crime that involves the possession of a firearm, see 18 U.S.C. § 3142(f)(1)(E), and the government's proffer was enough to demonstrate those allegations by a preponderance of the evidence. *See Thomas*, 2011 WL 5386773, at *3 (citing *Friedman*, 837 F.2d at 49). The issue, then, is whether the standard for pretrial detention is met.

"Pretrial detention is allowed only after the court holds a hearing and finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Miller v. Hastings*, 87 Fed. App'x. 585, 586 (7th Cir. 2004) (citing 18 U.S.C. § 3142(e)). Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). The Government bears the burden of proving that Defendant is either a flight risk or a danger to the community. *United States v. Daniels*, 772 F.2d 382, 383 (7th

2

Cir. 1985). As for reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 431–33 (1979). As for reasonably assuring the appearance of Defendant, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).

The specific factors in a detention ruling are set forth in 18 U.S.C. § 3142(g):

Factors to be considered. -- The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

    (1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including—

        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

After a review of the initial Pretrial Services Report, the Court is not overwhelmed with Defendant's case for pretrial release. (*See* ECF No. 13). Prior to his incarceration on this charge Defendant was a daily user of both marijuana and cocaine. He tested positive for both drugs while on supervised release for a previous federal conviction. He has three prior felony convictions. His supervised release for his previous federal conviction was modified three times before finally being revoked. He has a history of mental illness, including what appears to be undiagnosed schizophrenia. Finally, he has a spotty employment record, going more than four years without a job before his current incarceration.

On the release side of the ledger, Defendant is a lifelong resident of Fort Wayne and has family support in the community. But most important is the weight of the evidence against him. As far as the Court knows, the Government has no evidence to support the felon in possession charge following the order on the motion to suppress. Unless that ruling is overturned on appeal, the Government cannot obtain a conviction. That factor by itself supports release.

For these reasons, Defendant's motion for release from custody (ECF No. 42) is GRANTED. Defendant is ORDERED released to the supervision of the United States Probation Department. During his period of pretrial release, Defendant will abide by the conditions set forth in the Addendum to the Pretrial Services Report (ECF No. 44 at 1–2).

SO ORDERED on September 5, 2023.

                                               s/ Holly A. Brady
                                               JUDGE HOLLY A. BRADY
                                               UNITED STATES DISTRICT COURT